NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0144n.06

No. 10-3945

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Feb 07, 2012**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| MICHAEL TRANTER, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellant, | ) | UNITED STATES DISTRICT |
| | ) | C O U R T   F O R   T H E |
| v. | ) | SOUTHERN DISTRICT OF |
| | ) | OHIO |
| GREG ORICK, | ) | |
| | ) | O P I N I O N |
| Defendant-Appellee. | ) | |

BEFORE:    MOORE and GRIFFIN, Circuit Judges; and QUIST, District Judge.[*]

PER CURIAM.  Plaintiff, Michael Tranter, Administrator for the Estate of Nolan Hunter,

appeals the district court's order granting Defendant, Greg Orick, summary judgment on Tranter's

claim under 42 U.S.C. § 1983 for use of excessive force in violation of the Fourth Amendment and

Tranter's state law wrongful death and survival claims.  This Court reviews a district court's grant

of summary judgment *de novo*.  *Geiger v. Tower Auto.*, 579 F.3d 614, 620 (6th Cir. 2009).  Finding

no error, we affirm.

The district court did not err in refusing to consider Tranter's summary judgment evidence,

which Tranter concedes was hearsay.  It is well established that a court may not consider hearsay

when deciding a summary judgment motion.  *See, e.g.*, *Alpert v. United States*, 481 F.3d 404, 409

(6th Cir. 2007) ("'[E]vidence submitted in opposition to a motion for summary judgment must be

admissible.  Hearsay evidence . . . must be disregarded.'" (quoting *U.S. Structures, Inc. v. J.P.*

---

[*] The Honorable Gordon J. Quist, Senior United States District Judge for the Western
District of Michigan, sitting by designation.

*Structures, Inc.*, 130 F.3d 1185, 1189 (6th Cir. 1997))); *Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 927 (6th Cir. 1999) ("Hearsay evidence may not be considered on summary judgment.").

Although a district court may consider some *forms* of hearsay evidence in deciding a motion for summary judgment, *see* Fed. R. Civ. P. 56(c), such evidence must still be admissible at trial. *See Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009) (noting that former Rule 56(e) "identifies affidavits, depositions, and answers to interrogatories as appropriate items that may be used to support or oppose summary judgment"). As explained in *Bailey v. Floyd County Board of Education*, 106 F.3d 135 (6th Cir. 1997):

> Rule 56 requires the plaintiff to present evidence of evidentiary quality that demonstrates the existence of a genuine issue of material fact. Examples of such evidence include admissible documents or attested testimony, such as that found in affidavits or depositions. The proffered evidence need not be in admissible *form*, but its *content* must be admissible. For instance, deposition testimony will assist a plaintiff in surviving a motion for summary judgment, even if the deposition itself is not admissible at trial, provided substituted oral testimony would be admissible and create a genuine issue of material fact.

*Id.* at 145 (citations omitted). The Dayton Police Department investigation report and the witness statements Tranter offered in response to Orick's motion for summary judgment were hearsay and were not in a form that may be considered on summary judgment. The district court thus properly refused to consider Tranter's evidence.

Tranter forfeited his argument that the investigation report was admissible as a public record under Federal Rule of Evidence 803(8) by failing to raise it in the district court.[1] *See Singleton v.*

---

[1] Tranter recognized in his response to Orick's motion for summary judgment that the investigation report was inadmissible hearsay but argued that the district court could still consider it. (R.E. 17 at 6 n.3.) Because Tranter recognized the hearsay issue when he responded to the

*Wulff*, 428 U.S. 106, 120 (1976) ("It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below."). Regardless, it lacks merit. Although Tranter fails to identify the particular subsection of Rule 803(8) upon which he relies, we presume from his citation of *Alexander v. CareSource*, 576 F.3d 551 (6th Cir. 2009), that he contends the report is admissible under Rule 803(8)(C) because it contains "factual findings resulting from an investigation made pursuant to authority granted by law." The investigation report, however, contains no factual findings and thus does not fall within Rule 803(8)(C). *See Miller v. Field*, 35 F.3d 1088, 1091 (6th Cir. 1994) ("Although conclusions and opinions may also be contained in the document . . . to be admissible under Rule 803(8)(C)'s exception to the hearsay rule, a report must first be a set of factual findings." (internal quotation marks omitted)). Rather, it is simply a compilation of witness statements, all of which are hearsay. *See id.* (noting that the information contained in the report contained hearsay statements not admissible under Rule 803(8)); *United States v. Mackey*, 117 F.3d 24, 28 (1st Cir. 1997) ("In line with the advisory committee note to Rule 803(8), decisions in this and other circuits squarely hold that hearsay statements by third persons such as Munichiello are not admissible under this exception merely because they appear within public records.").

We decline to consider Tranter's arguments that the witness statements are excited utterances under Rule 803(2) or were otherwise independently admissible because he waived them by raising them for the first time in his reply brief. "As this court has frequently observed, '[a]n appellant waives an issue when he fails to present it in his initial briefs.'" *LoCoco v. Med. Sav. Ins. Co.*, 530

_____

motion, he should have presented all of his arguments for considering the investigation report to the district court in his response, including his contention that the district court could consider the report on summary judgment because it was admissible under Rule 803(8).

F.3d 442, 451 (6th Cir. 2008) (quoting *Marks v. Newcourt Credit Grp., Inc.*, 342 F.3d 444, 462 (6th

Cir. 2003)).

**AFFIRMED**.